UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____x
:
In the matter of the Arbitration :
:
    -between- :
:
SSI (BEIJING) COMPANY LTD., :
:
                        Petitioner, :  Civil Action No. 1:18-cv-8408-DAB
:
    -and- :
:
PROSPER BUSINESS DEVELOPMENT :
CORPORATION, :
:
                        Respondent. :
_____x

## PETITIONER AND COUNTERCLAIM-RESPONDENT
## SSI (BEIJING) COMPANY LTD.'S ANSWER TO COUNTERCLAIM

Petitioner and Counterclaim-Respondent, SSI (Beijing) Company Ltd. ("SSI Beijing"), by and through its attorneys, Willkie Farr & Gallagher LLP, hereby responds to the Counterclaim to Compel Arbitration (the "Counterclaim") of Respondent and Counterclaim-Petitioner Prosper Business Development Corporation ("Prosper"). Pursuant to Federal Rule of Civil Procedure 8(b)(3), SSI Beijing generally denies all allegations not specifically admitted herein. To the extent there are any allegations in Prosper's Counterclaim to which SSI Beijing does not specifically respond, such omissions were inadvertent, and SSI Beijing hereby denies all such allegations. SSI Beijing also objects to and will not respond to allegations that reflect legal conclusions and/or legal argument.

In addition to these general responses, SSI Beijing offers the following responses to the specific allegations set forth in each numbered paragraph of the Counterclaim.

## PRELIMINARY STATEMENT

1. States that the allegations of paragraph 1 contain legal conclusions and/or legal argument as to which no response is required. To the extent a response is required, SSI Beijing denies the allegations of paragraph 1 except admits that Prosper purports to bring a Counterclaim to compel an *ad hoc* arbitration against SSI Beijing.

## PARTIES

2. Admits the allegations of paragraph 2.

3. Admits the allegations of paragraph 3.

4. Denies the allegations of paragraph 4, except admits that SSI Beijing has three equity owners and that Prosper owns three (3) percent of SSI Beijing.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Denies the allegations of paragraph 6.

## JURISDICTION

7. States that the allegations of paragraph 7 contain legal conclusions and/or legal argument as to which no response is required.

8. States that the allegations of paragraph 8 contain legal conclusions and/or legal argument as to which no response is required.

## FACTUAL AND PROCEDURAL BACKGROUND

9. Admits the allegations of paragraph 9.

10. Denies the allegations of paragraph 10, except admits to the existence of an undated Chinese language document, the English translation of which is entitled Joint Venture Contract, between and among China Guo'an Culture & Media Investment Co., Ltd. ("Guo'an"), SSI Netherlands B.V., and Prosper, and refers to that document for a full, accurate, and complete

statement of its contents, and admits to the existence of an undated Chinese language document, the English translation of which is entitled Articles of Association, between and among Guo'an, SSI Netherlands, B.V., and Prosper, and refers to that document for a full, accurate, and complete statement of its contents.

11. Denies the allegations of paragraph 11, except admits the existence of a document entitled "Cooperation Agreement" between and among SSI Beijing, Prosper International, a division of Prosper, BIG Research LLC, and China Guoan Culture & Media Investment Corporation, dated as of June 15, 2006 (the "Cooperation Agreement"), and admits that SSI Beijing attached a copy of the Cooperation Agreement to its Petition as Exhibit A, and refers to that document for a full, accurate, and complete statement of its contents.

12. Denies the allegations of paragraph 12, except admits the existence of a document entitled "Amendment to Cooperation Agreement Dated June 15, 2006," and admits that Prosper attached a copy of that document to its Counterclaim as Exhibit 1, and refers to that document for a full, accurate, and complete statement of its contents.

13. Denies the allegations of paragraph 13, except admits the existence of the Cooperation Agreement, and refers to that document for a full, accurate, and complete statement of its contents.

14. Denies the allegations of paragraph 14, except admits the existence of the Cooperation Agreement, and refers to that document for a full, accurate, and complete statement of its contents.

15. Denies the allegations of paragraph 15, except admits that, on or about June 11, 2018, Prosper purported to serve a demand for an *ad hoc* arbitration upon SSI Beijing (the "*Ad Hoc* Arbitration Demand") and that SSI Beijing attached a copy of the *Ad Hoc* Arbitration Demand

to its Petition as Exhibit B, and refers to that document for a full, accurate, and complete statement of its contents.

16. Denies the allegations of paragraph 16, except admits that, on or about September 4, 2018, Prosper purported to serve another copy of the *Ad Hoc* Arbitration Demand upon SSI Beijing, and that Prosper has attached a copy of the *Ad Hoc* Arbitration Demand it purported to serve on September 4, 2018, together with other documents, to its Counterclaim as Exhibit 2, and refers to those documents for a full, accurate, and complete statement of their contents.

17. Admits the allegations of paragraph 17 and refers to the *Ad Hoc* Arbitration Demand for a full, accurate, and complete statement of its contents.

18. Denies the allegations of paragraph 18, except admits that on June 11 and June 12, 2018, Ashlin Quirk and Gage Gosnell exchanged certain emails regarding the *Ad Hoc* Arbitration Demand, and that Prosper has attached a copy of those emails between Ms. Quirk and Mr. Gosnell to its Counterclaim as Exhibit 3, and refers to those emails for a full, accurate, and complete statement of their contents.

19. Denies the allegations of paragraph 19, except admits that SSI Beijing engaged Willkie Farr & Gallagher LLP ("Willkie Farr") to represent it in connection with Prosper's attempt to commence an *ad hoc* arbitration proceeding against SSI Beijing, that Mary Eaton is a partner of Willkie Farr, that Ms. Eaton works in the New York office of Willkie Farr, that, while reserving all of SSI Beijing's rights and objections (including without limitation all of its rights regarding and all of its objections to the validity of the *ad hoc* arbitration provision of the Cooperation Agreement, the arbitrability of Prosper's claim that SSI Beijing breached the Cooperation Agreement as set forth in the *Ad Hoc* Arbitration Demand, and the jurisdiction of any *ad hoc*

arbitrator or *ad hoc* arbitration panel to hear Prosper's claim that SSI Beijing breached the Cooperation Agreement as set forth in the *Ad Hoc* Arbitration Demand or otherwise), Willkie Farr participated in certain discussions with counsel for Prosper and others regarding Prosper's attempt to commence an *ad hoc* arbitration proceeding against SSI Beijing, including with James E. Arnold, Gerhardt A. Gosnell, II, Damion Clifford, John Gilligan, Stephen C. Norman and Stephen P. Lamb, and that, on behalf of SSI Beijing, Willkie Farr agreed that, if Prosper's attempt to commence *ad hoc* arbitration proceedings against SSI Beijing were to succeed, the venue for the *ad hoc* arbitration hearing would be New York, rather than the State of Delaware as stated in the Cooperation Agreement.

20. Denies the allegations of paragraph 20 and states that, at all material times, SSI Beijing expressly reserved all of its rights regarding and all of its objections to the *ad hoc* arbitration Prosper attempted to commence against SSI Beijing, including its objections to the validity of the *ad hoc* arbitration provision of the Cooperation Agreement, the arbitrability of Prosper's claim that SSI Beijing breached the Cooperation Agreement as set forth in the *Ad Hoc* Arbitration Demand, and the jurisdiction of any *ad hoc* arbitrator or *ad hoc* arbitration panel to hear Prosper's claim that SSI Beijing breached the Cooperation Agreement as set forth in the *Ad Hoc* Arbitration Demand or otherwise.

21. Denies the allegations of paragraph 21, except admits that, on August 17, 2018, counsel for Prosper emailed a document entitled "Statement of Claims," together with certain exhibits thereto, to counsel for SSI Beijing and others.

22. Denies the allegations of paragraph 22, except admits that SSI Beijing filed its Petition to Stay Arbitration with this Court on September 14, 2018, and refers to that document for a full, accurate, and complete statement of its contents.

23. States that the allegations of paragraph 23 contain legal conclusions and/or legal argument as to which no response is required.

24. States that the allegations of paragraph 24 contain legal conclusions and/or legal argument as to which no response is required. To the extent a response is required, SSI Beijing denies the allegations of paragraph 24, except admits that Prosper attached a copy of a document entitled "Declaration of Mr. Lin Bai," dated October 15, 2018, and certain exhibits thereto, to its Counterclaim as Exhibit 4, and denies knowledge and information sufficient to form a belief as to the truth of the last sentence of paragraph 24.

### **Count I - Declaratory Relief to Compel Arbitration**

25. Repeats and reincorporates its answers to paragraphs 1 through 24 as though fully set forth herein.

26. States that the allegations of paragraph 26 contain legal conclusions and/or legal argument as to which no response is required. To the extent paragraph 26 is construed to contain factual allegations, those allegations are denied.

27. States that the allegations of paragraph 27 contain legal conclusions and/or legal argument as to which no response is required. To the extent paragraph 27 is construed to contain factual allegations, those allegations are denied.

28. States that the allegations of paragraph 28 contain legal conclusions and/or legal argument as to which no response is required. To the extent paragraph 28 is construed to contain factual allegations, those allegations are denied.

29. States that the allegations of paragraph 29 contain legal conclusions and/or legal argument as to which no response is required. To the extent paragraph 29 is construed to contain factual allegations, those allegations are denied.

30. States that the allegations of paragraph 30 contain legal conclusions and/or legal argument as to which no response is required. To the extent paragraph 30 is construed to contain factual allegations, those allegations are denied.

## RESPONSE TO PROSPER'S PRAYER FOR RELIEF

Wherefore, SSI Beijing denies that Prosper is entitled to the judgment it seeks in paragraphs (A) through (D) of its prayer for relief. Prosper's Counterclaim should be dismissed, and its prayer for relief should be denied in its entirety with prejudice, with judgment entered in favor of SSI Beijing and with such other relief that the Court may deem proper.

## AFFIRMATIVE DEFENSES

SSI Beijing, without affecting the appropriate burden of proof and otherwise without waiver, limitation, prejudice or right to amend based upon facts subsequently revealed during discovery or occurring after this date, hereby asserts the following affirmative defenses:

### First Affirmative Defense

The Counterclaim is barred in whole or in part because it fails to state any claim upon which relief can be granted, including, but not limited to, the following: (1) failure to plead the existence of a valid agreement to arbitrate; (2) failure to plead breach of an agreement to arbitrate; or (3) failure to state a claim under which attorneys' fees may be awarded.

### Second Affirmative Defense

The Counterclaim is barred in whole or in part because the Cooperation Agreement is not valid or enforceable.

### Additional Affirmative Defenses

SSI Beijing hereby gives notice that it intends to rely on such other and further defenses as may become available or apparent during pre-trial or trial proceedings in this action and hereby reserves the right to amend its Answer and assert all such defenses.

WHEREFORE, SSI Beijing prays for judgment against Prosper as follows:

1. Judgment dismissing Prosper's Counterclaim in its entirety with prejudice;

2. Judgment declaring that the *ad hoc* arbitration provision of the Cooperation Agreement is invalid and unenforceable and as such, no agreement was reached between SSI Beijing and Prosper to arbitrate disputes between them arising from the Cooperation Agreement;

3. An order enjoining any and all further proceedings in connection with the *ad hoc* arbitration Prosper purported to commence on or about June 11, 2018 and/or September 4, 2018;

4. An award to SSI Beijing of costs, fees, including reasonable attorneys' fees, and disbursements relating to this action; and

5. Such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        November 6, 2018

                                      Respectfully submitted,

                                      WILLKIE FARR & GALLAGHER LLP

                                      By: /s/ Mary Eaton

                                          Mary Eaton
                                          Jeffrey Korn
                                          787 Seventh Avenue
                                          New York, New York 10019
                                          (212) 728-8000

                                      *Attorneys for Petitioner SSI (Beijing) Company Ltd.*